Ana C. Vásquez (231903)
MEISTER SEELIG & FEIN LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Phone: (310) 295-2167
acv@msf-law.com

Seth H. Ostrow (*pro hac vice to be filed*)
sho@msf-law.com
Robert P. Feinland (*pro hac vice to be filed*)
rf@msf-law.com
MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Phone: (212) 655-3500

*Counsel for Plaintiff,*
*TiaLinx, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIALINX, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DJI TECHNOLOGY, INC.,<br><br>Defendants. | Case No.: 8:25-cv-02430<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff TiaLinx, Inc. ("TiaLinx" or "Plaintiff") brings this action against Defendant DJI Technology, Inc. ("DJI" or "Defendant") and hereby alleges as follows:

## THE PARTIES

1. TiaLinx is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 8 Halley, Irvine, California 92603.

2. DJI is a corporation organized and existing under the laws of the State of California having a principal place of business at 201 S. Victory Blvd., Burbank, California 91502.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2202.

4. This Court has personal jurisdiction over DJI in this action at least because DJI is incorporated in the State of California and has a registered agent for service of process. This Court further has jurisdiction over DJI because DJI does business in the State of California, including maintaining and operating its principal place of business in the State of California and contracting to supply goods or services within the State of California. In addition, DJI has continuous and systematic business contacts within the State of California, derives substantial revenue from interstate commerce from goods used or services rendered in the State of California, and commits and has committed acts of patent infringement either within the State of California, or outside the State of California with a reasonable expectation that such acts would have consequences within the State of California.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FACTS

6. TiaLinx was founded in the State of California by Farrokh Mohamadi. For over ten years, TiaLinx has been designing innovative AI-assisted wireless sensor fusion systems for detecting, classifying, and tracking, among other things,

unmanned aerial systems such as drones. TiaLinx's technology has applications in extended-range monitoring and surveillance of facilities and infrastructure such as oil, water, and gas pipelines and power lines using small unmanned aerial aircrafts.

7. TiaLinx owns a portfolio of patents in the United States related to, among other things, its improvements to unmanned aerial systems.

***i. The '241 Patent***

8. One of TiaLinx's patents is U.S. Patent No. 8,880,241 (the "'241 Patent"), which issued November 4, 2014, and is titled "Vertical Takeoff and Landing (VTOL) Small Unmanned Aerial System for Monitoring Oil and Gas Pipelines." A copy of the '241 Patent, attached hereto as **Exhibit A**, was duly and legally issued by the United States Patent and Trademark Office to Farrokh Mohamadi as inventor.

9. Plaintiff is the owner of the '241 Patent by assignment, having received all rights, title, and interest of the '241 Patent on September 3, 2025 from Farrokh Mohamadi, the sole inventor of the '241 Patent.

10. The '241 Patent relates to methods and systems that provide a unique solution for extended-range monitoring and surveillance of facilities and infrastructure, such as oil, water, and gas pipelines and powerlines. The '241 Patent describes autonomous vertical take-off and landing capable, small unmanned aerial system aircrafts such as drones used for monitoring and surveillance, as well as docking platforms for accommodating the small unmanned aerial system aircrafts. ('241 Patent at Abstract; 2:15-21).

11. Reproduced below is Fig. 1A of the '241 Patent depicting an embodiment of an unmanned aerial system aircraft (as indicated by reference numeral 100) as described in the '241 Patent. The aircraft 100 is shown in flight performing monitoring and surveillance capabilities along a pipeline 1001 and its related facilities. In some embodiments, the aircraft 100 includes propellers for vertical take-off and landing, a control system for autonomous flight control, a

sensor section, and a power management unit. '241 Patent col. 3-6.




FIG. 1A

12. As described in the '241 Patent, the unmanned aerial system includes a docking platform configured to receive the aircraft. Reproduced below are Figs. 6A and 6B of the '241 Patent. Fig. 6A shows an embodiment of a landing platform 600 portion of a docking platform 200, with aircraft 100 shown docked in the docking platform 200. Fig. 6B shows a plan view of the docking platform 200.

13. In some embodiments, the docking platform 200 includes a data exchange unit which communicates with the sensor unit of the aircraft 100 during docking and a power supply which powers the power management unit of the aircraft 100 during docking. In the '241 Patent, when an aircraft 100 is docked in a docking platform, data from the sensor unit of the aircraft 100 is transferred, via the data exchange unit, to the docking platform, and the aircraft 100 is charged for its next flight. Fig. 6B shows how the docking platform is configured for properly positioning the aircraft 100 so that, once docked, transfer of sensing data from the aircraft 100 and charging of the aircraft 100 for the next flight can commence. '241 Patent col. 8-9.




*ii. DJI's Infringing System and Services*

14. DJI has made, used, sold and/or offered to sell and continues to make, use, sell, and/or offer to sell various drones/aircrafts ("aircraft") and docking stations individually and together as a package referred to by DJI as the "DJI Dock Bundle." The DJI Dock Bundle includes a "DJI Dock" (for example, M30 Dock version or M30T Dock version) and an aircraft (for example, Matrice 30/30T) which is housed within and interacts with the DJI Dock. The DJI Dock Bundle, including a DJI Dock and an aircraft, is referred to herein as the "Accused System". An image of the Accused System from DJI's website is reproduced below.




15. DJI markets, sells, and offers to sell the Accused System to, among others, recreational drone users, photography enthusiasts, and professionals across multiple industries, including but not limited to, filmmaking, videography, construction, surveying, public safety, and agriculture.

16. The Accused System and the use thereof by DJI and its customers ("Customers") infringe at least claims 1-11, 13-17, and 20 (the "Asserted Claims") of the '241 Patent. A description of how the Accused System infringes an exemplary claim of the '241 Patent is attached hereto as **Exhibit B**, which is incorporated by reference herein in its entirety.

17. DJI provides instructions and guidance to its Customers regarding using the Accused System on DJI's website on at least the following pages: https://enterprise.dji.com/dock, https://enterprise.dji.com/matrice-30, https://enterprise.dji.com/flighthub-2, https://enterprise.dji.com/matrice-30/specs, https://enterprise.dji.com/dock, https://www.flymotionus.com/posts/dji-dock-features-uses-insights. DJI also provides guides and manuals via its download center on its website as well as product support in the form of guides and technical support for each product (https://www.dji.com/support?site=brandsite&from=nav). DJI further provides online customer service via live chat on its website (https://www.dji.com/support?site=brandsite&from=nav) and via hotline service

number +1 (818) 235-0789.

18. On information and belief, when Customers or potential customers contact DJI through online chat or phone, DJI provides instruction and guidance regarding using the Accused System in a manner that infringes the ’241 Patent.

***iii. DJI’s Knowledge of its Infringement of the ’241 Patent***

19. On June 10, 2025, TiaLinx, through its counsel, formally notified DJI via letter sent by email and courier to Yin Cheung, Senior Corporate Counsel and to Wang Tao, the CEO of SZ DJI Technology Co., Ltd. (*i.e.*, the parent company of DJI formed in Shenzhen, Guangdong, China), that the Accused System made, used, sold, and offered for sale by DJI infringes the ’241 Patent. On information and belief, DJI received the June 10, 2025 letter on or about the same day.

20. Therefore, DJI has been aware of the ’241 Patent and the alleged infringement thereof by the Accused System since at least as early as June 10, 2025.

21. After becoming aware of the ’241 Patent at least as early as June 10, 2025, DJI has continued to make, use, sell, and offer to sell the Accused System to Customers, and to induce Customers to use the Accused System in a manner that infringes the ’241 Patent, thereby willfully infringing the ’241 Patent.

**COUNT 1**

22. TiaLinx repeats the allegations contained in the preceding paragraphs 1 through 21 as though fully set forth herein.

23. Upon information and belief, DJI has in the past infringed and continues to infringe the ’241 Patent, directly and/or by inducement of infringement and/or by contributory infringement, by making, using, selling and/or offering to sell, in this judicial district, throughout the United States, and elsewhere, the Accused System, which embodies the Asserted Claims of the ’241 Patent.

24. Pursuant to 35 U.S.C. § 271(a), DJI is liable for direct infringement of Claims 1-8 of the ’241 Patent by having made, used, offered to sell, or sold, and continuing to make, use, sell and/or offer to sell the Accused System in the United

States, and for direct infringement of Claims 9-11, 13-17, and 20 of the ’241 Patent by having practiced or used, and continuing to practice and use, the Accused System in the United States.

25. DJI has been aware of the ’241 Patent and the manner of infringing the ’241 Patent since on or about June 10, 2025. Pursuant to 35 U.S.C. § 271(b), DJI is liable for inducement of infringement by having, and continuing to, knowingly caused or intended to cause the direct infringement of the ’241 Patent by Customers and users of the Accused System by encouraging the use and practice of the Accused System. DJI is liable for inducement of infringement of Claims 1-8 of the ’241 Patent by encouraging Customers and other users to use the Accused System in accordance with instructions from DJI. DJI is liable for inducement of infringement of Claims 9-11, 13-17, and 20 of the ’241 Patent by encouraging and providing instructions and continuing to provide instructions on how to use the Accused System to Customers and other users to use and practice the Accused System in a manner which embodies the method steps embodied in such method claims of the ’241 Patent. *See, e.g.*, Paragraphs 17-21 above.

26. DJI has been aware of the ’241 Patent and the manner of infringing the ’241 Patent since on or about June 10, 2025. Pursuant to 35 U.S.C. § 271(c), DJI is liable for contributory infringement of Claims 1-8 the ’241 Patent by having sold or offered to sell and continuing to sell or offer to sell the Accused System, and the components thereof, that comprise a material component of the invention embodied in the ’241 Patent, that are especially made or adapted for use in infringing the ’241 Patent, having knowledge that the ’241 Patent was being directly infringed by Customers and users. DJI is liable for contributory infringement of Claims 9-11, 13-17, and 20 of the ’241 Patent by having sold or offered to sell and continuing to sell or offer to sell the Accused System, and the components thereof, which are essential to the operation of the method embodied in the ’241 Patent, having knowledge that the ’241 Patent was being directly infringed by Customers and

users. Further, on information and belief, the Accused System is not a staple article or commodity of commerce suitable for substantial non-infringing use. DJI is therefore liable for contributory infringement of the ’241 Patent. *See, e.g.*, Paragraphs 17-21 above.

27. Upon information and belief, at least since learning of the ’241 Patent and the basis for infringement on or about June 10, 2025, DJI’s infringement of the ’241 Patent was willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the ’241 Patent and thus having acted in reckless disregard of TiaLinx’s patent rights. *See, e.g.*, Paragraphs 19-21 above.

28. On information and belief, DJI took no steps to avoid infringement after learning of its infringement on or about June 10, 2025, thereby willfully and knowingly infringing, directly and indirectly, the ’241 Patent.

29. Therefore, in view of the actions set forth in Paragraphs 23-28, DJI’s infringement is willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the ’241 Patent and thus acting in reckless disregard of TiaLinx’s patent rights since on or about June 10, 2025.

30. As a result of DJI’s acts of infringement of the ’241 Patent, TiaLinx has suffered injury to its business and property in an amount to be determined as damages.

## JURY DEMAND

31. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TiaLinx demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TiaLinx prays for judgement and relief as follows:

A. A declaration that DJI has infringed and is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of the ’241 Patent;

B. A permanent injunction enjoining DJI, its officers, agents, servants,

employees, affiliates and attorneys, and all those in active concert or participation with them, from further infringing, inducing infringement, and contributing to the infringement of the '241 Patent;

C. An award of damages adequate to compensate TiaLinx for the infringement of the '241 Patent by DJI and its Customers and users;

D. A declaration that DJI's continued infringement of the '241 Patent was willful, justifying a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

E. An award of pre-judgment interest on the damages caused by reason of DJI's infringement of the '241 Patent;

F. A declaration that this an exceptional case and that TiaLinx be granted its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285;

G. An award of costs and expenses to TiaLinx; and

H. A grant to TiaLinx of such other and further relief as the Court may deem just and proper.

DATED: October 28, 2025

Respectfully submitted,

**MEISTER SEELIG & FEIN LLP**

By: /s/ *Ana C. Vásquez*

Ana C. Vásquez (231903)
MEISTER SEELIG & FEIN LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Phone: (310) 295-2167
acv@msf-law.com

Seth H. Ostrow
(*pro hac vice to be filed*)
sho@Msf-law.com
Robert P. Feinland
(*pro hac vice to be filed*)
rf@Msf-law.com

MEISTER SEELIG & FEIN PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
Phone: (212) 655-3500